UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY MARTIN,<br><br>Defendant. | Case No. 23-cr-182 (ABJ) |

**GOVERNMENT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

On October 21, 2024, the parties filed a Joint Pretrial Statement (ECF No. 58), proposing, among other things, jury instructions for trial in this matter. On December 16, 2024, the Court provided the parties with a draft of the proposed jury instructions for the elements of the charged offenses.

Upon review of the draft instructions, the Government is supplementing its requested instructions to include a more detailed definition of "willfully," as well as instructions for how the jurors are to determine the value of the property damaged. While the Government has not identified any instructions specific to the charged offense of Injury to National Gallery of Art Property, in violation of 40 U.S.C. §§ 6303 and 6307, these instructions are consistent with those used by courts for the charge of Destruction of Federal Property, in violation of 18 U.S.C. § 1361.

Specifically, the Government requests that the following "Definitions" section be added to the instructions. These instructions are modified from a version used recently in *United States v. Rhodes, Meggs, Harrelson, Watkins, Caldwell* (22-cr-15), before the Honorable Amit P. Mehta. *See United States v. Rhodes, et al.*, 2022 WL 17091830 (D.D.C. 2022). Sources for each definition are included as footnotes.

1

**Definitions**

A defendant acts "willfully" if the defendant acted with a bad purpose or knowledge that the defendant's conduct was unlawful. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that the defendant's conduct violated.[1]

You must decide whether the value of the property damage was more than $100. The value of the damaged or destroyed property is measured by the cost of repairing or the cost of replacing the property, whichever is less. This includes the cost of materials as well as labor. Do not speculate or guess at the value of the property. Base your determination only on the evidence.[2]

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: /s/ Cameron A. Tepfer
Cameron A. Tepfer
D.C. Bar No. 1660476
Assistant United States Attorney
601 D Street NW
Washington, DC 20579
Cameron.Tepfer@usdoj.gov
(202) 258-3515

---

[1] *Bryan v. United States*, 524 U.S. 184, 196 (1998) (holding that "willfully" does not require proof that a defendant is aware of the specific law or statute which they are accused of violating)

[2] *See generally United States v. Martin*, 739 F. App'x 446, 447 (9th Cir. 2018); s*ee also United States v. Eberhardt*, 417 F.2d 1009, 1013 (4th Cir. 1969) ("The proof that the damage did exceed $100 was made by calculating the cost of labor expended in restoring the damaged records to their former condition. Surely this method of computation is reasonable and proper for the jury to consider."); *United States v. Komisaruk*, 885 F.2d 490, 491 (9th Cir. 1989) (affirming 1361 conviction where "[t]he estimated cost of repairs for the computer equipment, including labor, exceeded $700,000.00.")